IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, GAVIN PATE, and GEORGE MANDRY,**<br><br>  *Plaintiffs*,<br><br>v.<br><br>**MERRICK GARLAND,** in his official capacity as Attorney General of the United States**,**<br><br>  *Defendant.* | **CIVIL ACTION NO. 4:24-cv-565** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Firearms Policy Coalition, Inc., Second Amendment Foundation, Gavin Pate, and George Mandry, complain of Defendant Merrick Garland, in his official capacity as Attorney General of the United States, and allege:

**INTRODUCTION**

1. In *New York State Rifle & Pistol Association v. Bruen*, the Supreme Court held that the law-abiding citizens of this Nation have a general right to carry firearms for self-defense in public, which can only be restricted in "exceptional circumstances." 597 U.S. 1, 38 (2022).

2. Plaintiffs sue to challenge the constitutionality of 18 U.S.C. § 930(a), which bars knowingly possessing a firearm in federal facilities, including United States Post Offices. Plaintiffs also sue to challenge the constitutionality of 39 C.F.R. § 232.1(l), which bars firearm carry and storage on property under the control of the Postal Service.

3. The Organizational Plaintiffs, Firearms Policy Coalition and Second Amendment Foundation, sue on behalf their members, including individual Plaintiffs, who wish to exercise

1

their Second Amendment right to carry for self-defense at United States Post Offices in Texas and their associated property.

4. Individual Plaintiffs are ordinary, law-abiding citizens. Each desires and intends to exercise his Second Amendment right to carry for self-defense at United States Post Offices and associated property in Texas.

## PARTIES

5. Firearms Policy Coalition, Inc. ("FPC") is a nonprofit membership organization that works to create a world of maximal human liberty and freedom. FPC seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms, and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative and grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC has thousands of members and supporters nationwide, including in Texas.

6. FPC brings this action on behalf of its members, including those who reside in this district, who intend and desire to exercise their Second Amendment rights to carry firearms for self-defense in, and on property belonging to, United States Postal Offices. FPC members would carry at these locations but for their reasonable fear of prosecution. Each of the individual Plaintiffs is a member of FPC.

7. Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization. It is incorporated under the laws of the state of Washington and was founded in 1974. SAF has over 720,000 members and supporters nationwide, including thousands of members in Texas. SAF is dedicated to promoting a better understanding about our constitutional heritage to privately own and possess firearms through educational and legal programs designed to better inform the public about gun control issues. SAF has been a pioneer and an innovator in the defense of the right to keep and bear arms.

8. SAF brings this action on behalf of its members, including those who reside in this district, who intend and desire to exercise their Second Amendment rights to carry firearms for

self-defense in, and on property belonging to, United States Post Offices. SAF members would carry at these locations but for their reasonable fear of prosecution. Each of the individual Plaintiffs is a member of SAF.

9. Plaintiff Gavin Pate resides in Arlington, Texas. He is an Anglican priest working to establish a new church in Texas.

10. Plaintiff Pate is a law-abiding United States citizen who holds an active Texas license to carry (LTC). He is a member of Plaintiffs Firearms Policy Coalition and Second Amendment Foundation.

11. Plaintiff Pate carries, and intends to continue carrying, his personal handgun during his daily activities, which include running errands. He is particularly concerned about rising crime in his area. Plaintiff Pate goes to his local United States Post Office in Tarrant County, Texas, once or twice a month. He disarms before entering for fear of arrest and prosecution. Because Plaintiff Pate does not like to disarm and lose the ability to defend himself, he mostly uses a local private post office. If he did not have to disarm, Plaintiff Pate would go to his local United States Post Office once or twice a week.

12. Plaintiff George Mandry resides in New Braunfels, Texas. He runs a small business that provides residential water treatment services. Plaintiff Mandry served in the U.S. Navy for four years and previously held several security clearances.

13. Plaintiff Mandry is a law-abiding, responsible United States citizen who holds an active Texas LTC. He is a member of Plaintiffs Firearms Policy Coalition and Second Amendment Foundation.

14. Plaintiff Mandry carries, and intends to continue carrying, his personal handgun during his daily activities. He goes to his local United States Post Office in Comal County, Texas, every few months. He disarms before entering for fear of arrest and prosecution.

15. Plaintiff Mandry's customers sometimes pay him in cash or in money orders that he cashes at the post office. Because he often carries large amounts of cash, Plaintiff Mandry does not like having to disarm when entering the United States Post Office. Plaintiff Mandry would go

to his local United States Post Office once a week if he did not have to disarm and lose the ability to defend himself.

16. Defendant Merrick Garland is the United States Attorney General. As Attorney General, Defendant Garland leads the United States Department of Justice and is responsible for enforcing the federal firearm laws, including 18 U.S.C. § 930 and 39 C.F.R. § 232.1(l).

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law; namely, the Second Amendment to the United States Constitution.

18. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Northern District of Texas. Venue is also proper under 28 U.S.C. § 1391(e)(1) because Defendant is an officer of the United States acting in his official capacity, Plaintiff Gavin Pate resides in this district, Plaintiffs FPC and SAF have members (including Plaintiff Pate) that reside in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## GENERAL ALLEGATIONS

19. Plaintiffs bring this action to challenge two federal bans on firearm carry in United States Post Offices and on postal property.

20. 18 U.S.C. § 930(a) bars the knowing possession of firearms in federal facilities. "Federal facility" is a building owned or leased by the Federal government, where Federal employees are regularly present to perform their official duties. *Id.* § 930(g)(1). The definition of federal facility therefore includes United States Post Offices. A violation of this subsection is punishable by a fine, a term of imprisonment less than a year, or both. *Id.* § 930(a).

21. 39 C.F.R. § 232.1(l) similarly bars carrying and storing firearms on "postal property," except for official purposes. A violation of this subsection is punishable by a fine, a term of imprisonment less than 30 days, or both. *Id.* § 232.1(p)(2).

22. To determine whether a firearm restriction is constitutional, the Court in *Bruen* explained that "the standard for applying the Second Amendment is as follows: When the Second

4

Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.

23.     *Bruen* has already established that the Second Amendment covers Plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Id.* at 31–32. As such, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in United States Post Offices and associated property, such as parking lots. *Id.* at 17.

24.     It is thus the government's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19; *see also id.* at 60 ("[W]e are not obliged to sift the historical materials for evidence to sustain New York's statute. That is respondents' burden."). The government cannot do so.

25.     The *Bruen* Court struck down New York's "proper cause" requirement for issuing a permit to carry a handgun in public. In doing so, it expressly rejected New York's attempt to justify its restriction as analogous to a historical "sensitive place" regulation. *Id.* at 30–31. The Court explained that governments may not simply ban guns wherever people may "congregate" or assemble: A rule that "expand[ed] the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly." *Id.* at 31. "Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." *Id.*

26.     So if the government seeks to restrict firearms in a particular location as a "sensitive place," it must prove that its current restriction is sufficiently analogous to a "well-established and representative historical analogue[.]" *Id.* at 30 (emphasis omitted). The Court has identified only three such locations: founding-era "legislative assemblies, polling places, and courthouses." *Id.* (citing David B. Kopel & Joseph G.S. Greenlee, *The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms*, 13 Charleston L. Rev. 205, 229–36, 244–47 (2018)). The

unifying principle allowing arms to be restricted in these locations at the Founding was comprehensive government-provided security. *See* Amicus Br. of the Center for Human Liberty at 8–17, *Antonyuk v. Nigrelli*, No 22-2908 (2d Cir. Feb. 9, 2023), Doc. No. 313; Amicus Br. of Angus Kirk McClellan at 9–22, No. 23-16164 (9th Cir. Nov. 9, 2023), Doc. No. 48-2. The federal government does not comprehensively secure post offices, so it cannot ban carry there.

27. Accordingly, the Middle District of Florida recently held that 18 U.S.C. § 930(a) was unconstitutional as applied to a postal worker indicted for possessing a firearm in a United States Post Office. *See United States v. Ayala*, No. 8:22-cr-369, 2024 WL 132624, at *2 (M.D. Fla. Jan. 12, 2024) (Mizelle, J).

28. *Ayala* held that § 930(a)'s application to post offices lacks any historical support. *Id.* at 4–10. The court undertook a thorough analysis of various analogues, with a focus on the Founding era. The Ayala court specifically rejected the government's contention that all government buildings are sensitive places. *Id.* at 11.

29. In sum, the government will be unable to justify either 18 U.S.C. § 930(a) or 39 C.F.R. § 232.1(l) with any representative or relevantly similar analogues rooted in the Founding era.

**CLAIM FOR RELIEF**

**VIOLATION OF THE SECOND AMENDMENT**

30. Plaintiffs incorporate here by reference paragraphs 1 through 29, *supra*, as if fully set forth herein.

31. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II. The Supreme Court has squarely held that the Second Amendment protects an individual right to keep and bear arms, and that all responsible, law-abiding Americans may exercise that right. *See District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Bruen*, the Supreme Court held that the Second Amendment right to keep and bear arms fully extends to general carry of arms in public. *See Bruen*, 597 U.S. at 32.

32. The *Bruen* framework begins with the plain text. If the plaintiffs' proposed course of conduct falls within the Second Amendment's plain text, then "the Constitution presumptively protects that conduct." *Id.* at 17. Importantly, "[n]othing in the Second Amendment's text draws a home/public distinction," *id.* at 32—or for that matter, any distinction between locations at all. That makes the Second Amendment unlike other Amendments. *See* U.S. CONST. amend. III ("No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law."); U.S. CONST. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"). And it means that any locational restrictions on Second Amendment rights must come from history, not from the plain text.

33. There is no "well-established, representative historical analogue" for 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l). These laws are unconstitutional under the Second Amendment because they ban the carry of firearms within United States Post Offices and on associated property, such as Post Office parking lots.

34. Each of the Individual Plaintiffs and Organizational Plaintiffs' members intend and desire to carry firearms in the immediate future on United States Post Office property and would do so today, but for their reasonable fear of arrest and prosecution.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

1. Issue a declaratory judgment that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) are unconstitutional under the Second Amendment to the extent they bar the possession and carrying of firearms on United States Post Office property;
2. Issue a permanent injunction enjoining enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) to the extent they bar the possession and carrying of firearms on United States Post Office property;
3. Award Plaintiffs the costs of this action and reasonable attorney's fees; and
4. Award Plaintiffs other legal and equitable relief as is just and appropriate.

Dated: June 18, 2024                                      Respectfully submitted,

*/s/ R. Brent Cooper*
R. Brent Cooper
TX Bar No. 04783250
brent.cooper@cooperscully.com
S. Hunter Walton
TX Bar No. 24106548
hunter.walton@cooperscully.com
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

- and -

David H. Thompson*
DC Bar No. 450503
dthompson@cooperkirk.com
Peter A. Patterson*
DC Bar No. 998668
ppatterson@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601

*Pro hac vice* applications forthcoming

ATTORNEYS FOR PLAINTIFFS