IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF TEXAS

| | |
|---|---|
| FIREARMS POLICY COALITION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br><br>Defendant. | Case No. 4:24-cv-565 |

**ANSWER**

Defendant Merrick Garland, in his official capacity as the Attorney General of the United States, hereby answers Plaintiffs' Complaint, ECF No. 1, as follows:

**INTRODUCTION**

1. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

2. This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

3. This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied. To the extent that this paragraph alleges Plaintiffs' wishes, Defendant lacks knowledge sufficient to form a belief about the truth of those allegations.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

1

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. The first sentence in this paragraph is Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, this sentence is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the second and third sentences in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. The first sentence in this paragraph is Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, this sentence is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the second and third sentences in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Defendant admits the first sentence in this paragraph. The second sentence consists of Plaintiffs' characterizations of a federal statute and regulation, to which no response is required. To the extent a response is deemed required, the allegations in this sentence are denied.

## JURISDICTION & VENUE

17. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

18. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied. The legal conclusion is also based on allegations that Defendant lacks sufficient information to admit or deny.

## GENERAL ALLEGATIONS

19. This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

20. Defendant respectfully refers the Court to the cited statute, 18 U.S.C. § 930, for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

21. Defendant respectfully refers the Court to the cited regulation, 39 C.F.R. § 232.1(l), for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

22. Defendant respectfully refers the Court to the cited opinion, *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

23. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

25. Defendant respectfully refers the Court to the *Bruen* opinion, 597 U.S. 1, for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

26. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

27. Defendant respectfully refers the Court to the cited opinion, *United States v. Ayala*, No. 8:22-cr-369, 2024 WL 132624 (M.D. Fla. Jan. 12, 2024), for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

28. Defendant respectfully refers the Court to the *Ayala* opinion, 2024 WL 132624, for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

29. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

## CLAIMS FOR RELIEF

## VIOLATION OF THE SECOND AMENDMENT

30. Defendant incorporates herein its responses to Paragraphs 1–29.

31. Defendant respectfully refers the Court to the Second Amendment and the two cited opinions, *Bruen*, 597 U.S. 1, and *District of Columbia v. Heller*, 554 U.S. 570 (2008), for a full and accurate statement of their contents. Defendant denies any allegations inconsistent therewith.

32. Defendant respectfully refers the Court to the *Bruen* opinion, 597 U.S. 1, for a full and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

This paragraph also includes legal conclusions based on *Bruen*, to which no response is required. To the extent a response is deemed required, the allegations are denied.

33. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiffs are not entitled to any relief.

\*     \*     \*

Defendant also denies all allegations in the Complaint not expressly admitted or denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs lack standing to assert their claim.

2. The Court otherwise lacks subject-matter jurisdiction over Plaintiffs' claim.

3. The Complaint fails to state a claim upon which relief can be granted.

4. The challenged statute and regulation are constitutional and, at all times, Defendant has acted lawfully in implementing or enforcing them.

Dated:  August 19, 2024            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Jason C. Lynch*
JASON LYNCH (D.C. Bar No. 1016319)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Counsel for Defendant*

6