**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FIREARMS POLICY COALITION INC, ET AL.,** | § § § § § | |
| **Plaintiffs,** | § | |
| **v.** | § § | **Civil Action No. 4:24-CV-00565-O** |
| **PAMELA BONDI** | § § § | |
| **Defendant.** | § | |

## <u>ORDER</u>

Before the Court are Defendant's Motion to Clarify or Modify the Permanent Injunction (ECF No. 39), Plaintiffs' Response (ECF No. 40), and Defendant's Reply (ECF No. 44). The Court entered an Order (ECF No. 35) and Final Judgment (ECF No. 36) on September 30, 2025, permanently enjoining enforcement of 39 C.F.R. § 232.1(1) and 18 U.S.C. § 930(a) as "unconstitutional under the Second Amendment with respect to Plaintiffs' (and their members) possession and carrying of firearms inside of an ordinary United States Post Office or the surrounding Post Office property."[1]

Defendant ("the Government") now moves under Federal Rule of Civil Procedure 59(e) to clarify or modify the scope of the Court's injunction to include (1) "to the individual Plaintiffs" and (2) "to persons who were members of the organizational Plaintiffs at the time suit was filed" and "who have been identified and verified to the government as members of the organizational Plaintiffs."[2] The Government argues that without this limitation the Court's injunction is too vague

---

[1] Final Judgment, ECF No. 36.
[2] Def.'s Mot. 1–2, ECF No. 39.

1

to comply with Federal Rule of Civil Procedure 65.[3] Plaintiffs argue that the Court's ruling is sufficient as is and therefore the Government's Motion should be denied.[4]

Before reaching the Parties' arguments, the Court first examines whether it has jurisdiction to consider the Government's Motion. Generally, filing an appeal divests the district court of jurisdiction. *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005). However, the Fifth Circuit has held that under Federal Rule of Appellate Procedure 4(a)(4)(B)(i) the timely filing of a Rule 59 Motion "suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court." *Id.* Because the Government timely filed its Rule 59(e) motion, the Court has jurisdiction to address it.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rather, the Rule's narrow purpose is to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation modified). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

The Government asserts that the Court's injunctive relief should be limited only to individuals who were members of Firearms Policy Coalition ("FPC") and the Second Amendment Foundation ("SAF") as of June 18, 2024—the date Plaintiffs filed their complaint—because FPC and SAF "did not have standing to represent and obtain relief for members who did not yet exist."[5] The Government argues that to obtain relief for members who join after June 18, 2024, Plaintiffs should have sought class certification.[6] Otherwise, the Government argues, nearly any

---

[3] *Id.* at 5.
[4] Pls.' Resp. 18, ECF No. 40.
[5] Def.'s Mot. 2, ECF No. 39.
[6] *Id.* at 11–12.

organization could evade the Supreme Court's prohibition of nationwide injunctions in *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) by using associational standing as a "backdoor way" to grant universal injunctions.[7] But despite its arguments, the Government has not provided, and the Court has not found, a case limiting injunctive relief to only those members of an association at the time a lawsuit is filed. And while Plaintiffs could have sought class certification, they apparently also relied instead on associational standing—which the Government seemingly agrees they have in some form.[8]

"[T]he doctrine of associational standing recognizes that the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 290 (1986). And, suits by associations on behalf of its members are different from class action lawsuits. *Id*. at 289. In Plaintiffs' Complaint, FPC and SAF clearly indicated that they were bringing suit on behalf of their members stating, "FPC brings this action on behalf of its members" and "SAF brings this action on behalf of its members."[9]

In crafting its injunction, the Court was mindful of the Government's previous argument that "any injunctive relief should be tailored to the Plaintiffs in this case,"[10] but the Government did not argue, and the Court did not interpret this to mean that only individual members of FPC and SAF who had membership at a certain date should be included in the Court's injunction. Rather, the Court interpreted this as arguing against a nationwide injunction, which the Court did

---

[7] Reply 7, ECF No. 44.

[8] *See* Def.'s Mot. 10, ECF No. 39 ("Plaintiffs' associational standing is temporally anchored to June 18, 2024."). The Court notes that the Government previously informed the Court that "[t]his case is being litigated on the stipulation that at least one Plaintiff has standing, such that the Court can reach the merits of the constitutional claim presented. However, Defendant reserved all jurisdictional defenses—including the argument that any of the Plaintiffs lack standing." Def.'s Br. Supp. Mot. Summ. J. 27, ECF No. 27.

[9] *See* Compl. ¶¶ 6, 8, ECF No. 1.

[10] Def.'s Br. Supp. Mot. Summ. J. 28, ECF No. 27.

not issue. In crafting its injunction, the Court was mindful of the Supreme Court's ruling in *CASA*, 606 U.S. 831.  But the Court intended its injunction to "inure to the benefit of those members of the association actually injured." *Warth v. Seldin*, 422 U.S. 490, 515 (1975). This includes future members. Not including future members could cause FPC and SFA's injunctive relief to disappear due to attrition or death of their members or impose a significant burden on the organizations to track which members qualify for injunctive relief and which do not. Or, as another court explained, could "result in continuous litigation and be a waste of judicial resources as well as the time and resources of the litigants." *Christian Employers All. v. Azar*, No. 3:16-CV-309, 2019 WL 2130142, at *5 (D.N.D. May 15, 2019).

Based on the foregoing, the Court **GRANTS in part** Defendant's Motion and clarifies its Order and Final Judgment as follows: The permanent injunction as set forth in **the Court's Order (ECF No. 35) and Final Judgment (ECF No. 36) applies to Plaintiffs and to all present and future members of Firearms Policy Coalition, Inc. and Second Amendment Foundation.**

**SO ORDERED** on this **17th day** of **March, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**